IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABIGAIL PEREZ and )<br>DYLAN TYLER NEAL, )<br>)<br>Defendants. ) | Case No. 21-CR-00158-JWD |

## ORDER

Before the Court are the Motion to Continue the Trial Date and Motion Deadlines and the Motion Joining in Co-Defendant's Amended Motion to Continue Jury Trial filed on behalf of Defendants Dylan Tyler Neal and Abigail Perez ("Motions"). [Doc. Nos. 98, 99]. The Motions request that the Court continue the jury trial setting by sixty (60) days on behalf of both Neal and Perez—which places codefendants on the same December 13, 2021 trailing jury trial docket—and find that the ends of justice served exclude the time for the requested continuance.

For the reasons stated below, the Court finds that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Accordingly, the Court GRANTS the Motions to continue the trial setting and will separately enter a second amended scheduling order with modified pretrial submission deadlines that correspond to the Court's December 13, 2021 jury trial docket and to allow for consideration of pretrial submissions in advance of trial.

## BACKGROUND

Neal and Perez were charged in a two-count indictment returned on May 12, 2021: Neal was charged in count 1, and Perez was charged in count 2. [Doc. No. 5]. On June 1, 2021, Neal was arraigned and entered a plea of not guilty. [Doc. No. 19]. On June 24, 2021, Perez was arraigned and entered a plea of not guilty. [Doc. No. 51].

At his arraignment, Neal was set for jury trial on July 20, 2021. [Doc. Nos. 26, 40]. At her arraignment, Perez was set for jury trial on August 17, 2021. [Doc. No. 58]. On July 19, 2021, the Court entered an Order granting the Motion to Continue the Trial Date and Motion Deadlines filed on behalf of Neal, and on July 21, 2021, the Court entered an Order granting the Motion to Continue Jury Trial filed on behalf of Perez. This case was then set on the Court's October 18, 2021, trailing jury trial docket. [*See generally* Doc. Nos. 44–45, 66, 73–74, 76–78, 80–81].

Neal filed his Motion, seeking a 60-day continuance of his trial date to allow additional time for an expert to review medical records and render an opinion in this case. [Doc. No. 98 at 1]. Codefendant Perez filed a Motion joining in Neal's 60-day continuance request, which would place her on the same new trial docket as Neal. [Doc. No. 99]; *see also* Fed. R. Crim. P. 47(a). Perez seeks a continuance to provide her counsel reasonable time necessary for effective preparation.

Both defendants executed waivers of speedy trial rights [Doc. Nos. 94, 100], acknowledging their understanding of their rights and waiving their rights for purposes of the requested continuance in their respective Motions. The government does not oppose the requests by the defendants.

## DISCUSSION

The relevant provisions of the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A), exclude from the speedy-trial calculation any period of delay resulting from a continuance granted by any judge on the judge's own motion or at the request of either or both parties and their counsel if the judge finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The Court must "protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act." *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) (citing 18 U.S.C. § 3161(h)(7)(A)). The Speedy Trial Act gives the Court some discretion to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006).

The Court finds that the Motions present case-specific needs that justify the requested continuances to the Court's December 13, 2021, trailing jury trial docket and that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).[1] The continuance is necessary to allow the defendants' counsel an opportunity to effectively prepare the defendants' defenses.

In making these findings, the Court has considered the following factors, among others:

(i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible,

---

[1] The Act also excludes delay resulting from the Court's consideration and disposition of the Motions, and the Court excludes the delay between the filing of the Motions and this Order. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H).

>   or result in a miscarriage of justice;
>
> (ii)   Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section;
>
> (iii)  Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex; and
>
> (iv)   Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

Based on the showings in the Motions, which are unopposed by the government, the Court finds that failure to grant the requested continuance would deny defendants' counsel the reasonable time necessary for effective preparation considering the exercise of due diligence, and that the delay is necessary for the defendants and their counsel to prepare proper and adequate defenses. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The delay resulting from the requested continuance is excludable under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) based on the Court's finding herein that the "ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *See Zedner*, 547 U.S. at 499 (Speedy Trial Act gives the Court discretion to "accommodate limited delays for case-specific needs").

In discharge of its duty to protect the defendants' constitutional rights to a speedy trial under the Sixth Amendment, the Court also considers: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has asserted his right to a speedy trial; and (4) whether the delay will prejudice the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Analyzing these factors, the Court finds that the reasonable and limited delay in bringing the defendants to trial is justified for the reasons articulated in the Motions.

The Court is aware of no circumstances that would suggest that the delay contemplated by this Order will prejudice Neal or Perez. To the contrary, each of the defendants has acknowledged his or her rights and has requested this delay as being in his or her best interests. [*See* Doc. Nos. 94, 100]. However, the Court expresses its continuing expectation and confidence that the government and its agents will take no action during this limited delay that would impair the defendants' rights to effective assistance of counsel and to a fair trial. The Court advises the parties of its continuing expectation that counsel will promptly bring to the Court's attention any actual or impending developments or circumstances that would, as a result of this delay, jeopardize the defendants' constitutional or statutory rights.

## CONCLUSION

For the reasons stated above, the Court **CONTINUES** the trial of the above-captioned matter (21-CR-00158-JWD) to the Court's **December 13, 2021** trailing jury trial docket. All unsatisfied deadlines listed in the Court's scheduling orders [Doc. Nos. 77, 81] are **CONTINUED**. The Court will separately issue a second amended scheduling

order placing this case on the Court's December 2021 trial docket and modifying motions and pretrial deadlines.

    IT IS SO ORDERED this 14th day of October 2021.

                                            _____
                                            JODI W. DISHMAN
                                            UNITED STATES DISTRICT JUDGE